```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA MAUCERE,                                                  REPORT AND
                         Plaintiff,                             RECOMMENDATION
           - against -
GLEN COVE CENTER FOR NURSING
AND REHABILITATION,                                             19-CV-6206 (MKB) (JO)
                         Defendant.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

For the reasons set forth below, I respectfully recommend that the court dismiss the Complaint because the plaintiff has died, and no substitute plaintiff has made a timely appearance. *See* Fed. R. Civ. P. 25(a)(1).

Plaintiff Maria Maucere ("Maucere") filed the Complaint on November 12, 2019. *See* Docket Entry ("DE") 1. On April 14, 2020, Maucere's counsel reported that Maucere had died on April 1, 2020. *See* DE 12. By order dated April 15, 2020, I directed Maucere's successor or representative to file a motion for substitution by July 13, 2020 and cautioned that without such a motion the court would dismiss the Complaint. *See* Fed. R. Civ. P. 25(a)(1). No successor or representative has filed a timely motion for substitution.

When a party's death is suggested on the record, any party, or the decedent's representative, may ask the court to substitute a proper party for the decedent. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1); *see also Kaplan v. Lehrer*, 173 F. App'x 934, 935-36 (2d Cir. 2006) (affirming the dismissal of the plaintiff's claims for failure to substitute a proper party after his death). A suggestion of death on the record may be filed by any person. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998) ("[T]he text of Rule 25(a)(1) contains no such restriction on who may file the statement."). "Though a court may extend the time to file the motion for

substitution for good cause pursuant to Rule 6(b), if no motion is made within the relevant time period, Rule 25 mandates that the claims 'must be dismissed.'" *See Bussey v. City of New York*, 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016) (report and recommendation) (citation omitted), *adopted*, 2016 WL 3469843 (E.D.N.Y. June 14, 2016) (Ross, J.); *Bassy v. Faith Sec. Servs.*, 2014 WL 2212016, at *1 (E.D.N.Y. Jan. 17, 2014).

Maucere's counsel filed a suggestion of death on the record on April 14, 2020. *See* DE 12. More than ninety days have passed since then, and no one has sought to name a substitute plaintiff. As a result, the applicable rule requires dismissal of Maucere's claims.

For the reasons set forth above, I respectfully recommend that the court dismiss the Complaint. Any objections to this Report and Recommendation are due by July 31, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
July 17, 2020

         /s/
James Orenstein
U.S. Magistrate Judge

2